# In the United States Court of Federal Claims

No. 23-0688
(Filed under seal: August 22, 2023)
(Reissued: October 2, 2023)[1]

NOT FOR PUBLICATION

```
*************************************
ROTAIR AEROSPACE CORPORATION,         *
                                      *
                  Plaintiff,          *
                                      *
            v.                        *
                                      *   Bid Protest; Motion to Stay Pending Appeal;
THE UNITED STATES,                    *   Motion to Supplement; Sole Source
                                      *   Procurement
                  Defendant,          *
                                      *
            and                       *
                                      *
THE BOEING COMPANY,                   *
                                      *
                  Defendant-Intervenor. *
*************************************
```

*James M. White*, Marshall & White, PC, Washington, DC, counsel for Plaintiff.

*Tanya B. Koenig*, U.S. Department of Justice, Civil Division, Washington, DC, counsel for Defendant. With whom was *Ashley Kelly*, DLA Aviation, of counsel.

*Noah B. Bleicher*, Jenner & Block LLP, Washington, DC, counsel for Defendant-Intervenor. With whom were *Moshe B. Broder*, and *Andrew L. Balland*, of counsel.

## MEMORANDUM OPINION AND ORDER

**DIETZ, Judge.**

Rotair Aerospace Corporation ("Rotair") filed a bid protest on May 9, 2023, challenging a decision by the Defense Logistics Agency ("DLA") to procure the Apache military helicopter arm assembly from The Boeing Company ("Boeing") in a sole source procurement. Compl.

---

[1] This Opinion and Order was filed under seal on August 22, 2023, *see* [ECF 42], in accordance with the Protective Order entered on May 18, 2023. *See* [ECF 9]. The parties were given an opportunity to identify protected information, including source selection, propriety information, and confidential information, for redaction. The parties filed a joint status report on September 5, 2023, wherein they indicated that no redactions were necessary. [ECF 49].

[ECF 1]. In its complaint, Rotair asserts that that the DLA and the Department of the Army improperly removed Rotair from the approved sources list for the arm assembly and that they are "unreasonably and unlawfully preventing [Rotair] from competing [for] the current award by not reinstating [Rotair] as an approved source." First Am. Compl. [ECF 25] ¶ 2. Rotair also contends that the DLA arbitrarily determined that no source other than Boeing could compete under the solicitation based on a mistaken assumption that Boeing has proprietary data rights to the arm assembly specifications that prevent the DLA from sharing the specifications with other sources. *Id*. ¶ 3. Boeing filed an unopposed motion to intervene on May 11, 2023, which the Court granted. [ECFs 4, 8]. The government produced the administrative record on May 24, 2023. [ECF 18].

On June 7, 2023, Rotair filed a motion seeking to compel the government to supplement the administrative record ("Motion to Compel"). [ECF 26]. In its motion, Rotair argued that supplementation of the record with prior contracts and specifications relating to the manufacture of the arm assembly was necessary for the Court to determine whether the DLA arbitrarily concluded that it lacks the necessary data rights in the relevant specifications, improperly removed Rotair from the list of approved sources, and limited the competition to Boeing. *Id*. at 7-9.[2] On July 12, 2023, the Court issued a Memorandum Opinion and Order denying Rotair's motion ("July 12th Order"). [ECF 33]. The Court concluded that the materials requested by Rotair are not necessary for effective judicial review of Rotair's claims because the existing record is sufficient to determine whether the DLA's procurement procedures and resultant decisions were arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. *Id. at 4-5*.

On July 28, 2023, Rotair filed a notice of its appeal of the July 12th Order. [ECF 34]. Shortly thereafter, Rotair filed the instant motion requesting that the Court stay proceedings pending the outcome of its appeal. In its motion to stay, Rotair argues that its Motion to Compel sought to complete the administrative record and that the Court improperly applied the standard for a motion to supplement the administrative record. *See* [ECF 37] at 4. Nevertheless, it asserts that, under either standard, it is likely to succeed on its appeal and that, accordingly, the Court should grant its motion to stay. *See id.* at 7. It further argues that "failing to stay proceedings here will permit the Court to adjudicate this matter without information clearly relevant to the Government's rights" and that "[t]he impact to the Government will be minimal." *Id.* at 11. The government opposes Rotair's motion to stay on the grounds that its appeal is "untimely and both procedurally and substantively deficient." [ECF 38] at 1.[3] Boeing joins the government's opposition, arguing that Rotair's interlocutory appeal of the July 12th Order is defective and that a stay is unnecessary and does not advance judicial economy. [ECF 39] at 1.

The Court finds that granting a stay in this case is not warranted because Rotair's appeal of the July 12th Order is improper and unlikely to succeed. First, the United States Court of Appeals for the Federal Circuit has jurisdiction over "an appeal from a *final decision* of the

---

[2] All page numbers in the parties' briefings refer to the page numbers generated by the CM/ECF system.

[3] Rotair's reply was due no later August 17, 2023. *See* [ECF 39]. As of the date of this Memorandum Opinion and Order, Rotair has not yet filed a reply and the Court has determined that a reply is not needed.

United States Court of Federal Claims." 28 U.S.C. 1295(a)(3) (emphasis added). However, the July 12th Order is not a "final decision" within the meaning of 28 U.S.C. 1295(a)(3). *See Princeton Digital Image Corp. v. Off. Depot Inc.,* 913 F.3d 1342, 1346 (Fed. Cir. 2019) ("Generally, a final decision is a decision by the district court that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'") (quoting *Catlin v. United States,* 324 U.S. 229, 233, 65, S. Ct. 631, 89 L.Ed. 911 (1945)). In fact, the merits of Rotair's protest have yet to be briefed by the parties. Rotair's Motion for Judgment on the Administrative Record was expected to be filed by July 28, 2023, and, instead, Rotair elected to file its appeal. *See* [ECFs 29, 34].

Next, the Federal Circuit may exercise jurisdiction over interlocutory orders that involve controlling questions of law but only where this Court states in the order that "a controlling question of law is involved with respect to which there is a substantial ground for difference of opinion and that an immediate appeal from [the] order may materially advance the ultimate termination of the litigation." 28 U.S.C. 1292(d)(2). The Court did not include this statement in the July 12th Order such that it could be properly appealed pursuant to 28 U.S.C. 1292(d)(2). *See Aleut Tribe v. United States,* 702 F.2d 1015, 1019 (Fed. Cir. 1983) (dismissing interlocutory appeal where there was no certification made under 28 U.S.C. 1292(d)(2)).

Finally, the July 12th Order is not appealable under the collateral order doctrine. The Federal Circuit has exercised jurisdiction under the collateral order doctrine "to address some harm that cannot be undone on appeal from a final judgment." *See Modern Font Applications LLC v. Alaska Airlines, Inc.,* 56 F.4th 981, 985-87 (Fed. Cir. 2022). However, it has held that "pretrial discovery orders are not 'final'—and therefore, not reviewable—under the collateral order doctrine because such orders may be "adequately reviewed after a final judgment." *Id.* at 984-85. This logic applies here, where Rotair appeals the Court's denial of its request to supplement the administrative record. If Rotair's bid protest proceeds without a stay, Rotair will have an opportunity to challenge the Court's conclusions in the July 12th Order after the Court issues a final decision on the merits of its challenges to the DLA's procurement decisions.

For these reasons, Rotair's motion to stay is **DENIED**. The parties shall file a joint status report setting forth a schedule for further proceedings by **no later than August 29, 2023**.

**IT IS SO ORDERED.**

                                               s/ Thompson M. Dietz
                                              THOMPSON M. DIETZ, Judge