# In the United States Court of Federal Claims

No. 23-0688
(Filed under seal: September 26, 2023)
(Reissued for Publication: October 2, 2023)[1]

```
*****************************************
ROTAIR AEROSPACE CORPORATION,    *
                                 *
            Plaintiff,           *
                                 *
      v.                         *
                                 *   Pre-Award Bid Protest; Motion to Complete;
THE UNITED STATES,               *   Administrative Record; Sole Source
                                 *   Procurement.
            Defendant,           *
                                 *
      and                        *
                                 *
THE BOEING COMPANY,              *
                                 *
            Defendant-Intervenor.  *
*****************************************
```

*James M. White*, Marshall & White, PC, Washington, DC, counsel for Plaintiff.

*Tanya B. Koenig*, U.S. Department of Justice, Civil Division, Washington, DC, counsel for Defendant. With whom was *Ashley Kelly*, DLA Aviation, of counsel.

*Noah B. Bleicher*, Jenner & Block LLP, Washington, DC, counsel for Defendant-Intervenor. With whom were *Moshe B. Broder*, and *Andrew L. Balland*, of counsel.

## MEMORANDUM OPINION AND ORDER

**DIETZ, Judge.**

Before the Court is a motion filed by Rotair Aerospace Corporation ("Rotair") requesting that the Court direct the government to complete the administrative record with documents that Rotair contends the Defense Logistics Agency ("DLA") generated and considered in deciding to procure arm assemblies for the Apache military helicopter from The Boeing Company

---

[1] This Opinion and Order was filed under seal on September 26, 2023, *see* [ECF 53], in accordance with the Protective Order entered on May 18, 2023. *See* [ECF 9]. The parties were given an opportunity to identify protected information, including source selection, propriety information, and confidential information, for redaction. The parties filed a joint status report on September 29, 2023, wherein they indicated that no redactions were necessary. [ECF 54].

("Boeing") in a sole source procurement.[2] For the reasons set forth below, the Court **DENIES** Rotair's motion to complete the administrative record.

## I.      BACKGROUND[3]

Rotair's bid protest relates to a sole-source procurement by the DLA for the manufacture of Apache military helicopter arm assemblies by Boeing. *See* Am. Compl. [ECF 25]. Rotair filed a pre-award bid protest in this Court on May 9, 2023, alleging that the DLA and the United States Department of the Army ("Army") improperly removed Rotair from the approved sources list for the arm assembly and that they are "unreasonably and unlawfully preventing [Rotair] from competing [for] the current award by not reinstating [Rotair] as an approved source." *Id.* ¶ 2. Rotair also alleges that the DLA arbitrarily determined that no source other than Boeing could compete under the solicitation based on a mistaken assumption that Boeing has proprietary data rights to the arm assembly specifications that prevent the DLA from sharing the specifications with other sources. *Id.* ¶ 3.

In a prior motion, Rotair sought to supplement the administrative record that the government filed in connection with Rotair's bid protest with "[d]ocuments pertaining to the original contract under which the Apache specifications relating to the [a]rm [a]ssembly were developed, including subsequent contracts, as well as documents related to funding of the same," and "Apache AH-64 [a]rm [a]ssembly specifications documents and materials" dating back to 2014. Pl.'s Mot. to Suppl. the Administrative R. [ECF 26] at 5, 8. The Court denied Rotair's motion to supplement the administrative record because it determined that these materials were not needed to perform effective judicial review of Rotair's challenges to the DLA's procurement decisions. Mem. Op. and Order [ECF 33] at 4. The Court explained that the proper inquiry before it is whether the DLA's procurement procedures and decisions were arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law and that it can effectively perform this inquiry based on the existing record. *Id.* at 4-5.

Rotair now seeks to complete the administrative record. Rotair distinguishes its present request to *complete* the administrative record from its prior request to *supplement* the administrative record by arguing that its present request seeks to include materials in the administrative record that were generated or considered by the DLA during the procurement process and that formed the basis of the DLA's decision to procure the arm assembly in a sole source procurement. *See* Pl.'s Mot. to Complete the Administrative R. [ECF 50] at 4-5. Rotair filed its motion on September 8, 2023. *Id.* The government and Boeing each filed a response on September 22, 2023. *See* Def.-Intervenor's Resp. [ECF 51]; Def.'s Resp. [ECF 52]. The agreed upon briefing schedule does not provide for a reply. *See* Scheduling Order [ECF 48]. Thus, the motion is fully briefed. The Court has determined that oral argument is not needed.

## II.     LEGAL STANDARDS

---

[2] Rotair further requests that it be able to depose certain individuals in connection with the procurement decision.

[3] This background section contains only those facts relevant to the instant motion to complete filed by Rotair. A more detailed background may be found in the Court's July 12, 2023, Memorandum Order and Opinion denying Rotair's motion to supplement the administrative record. *See Rotair Aerospace Corp. v. United States*, 167 Fed. Cl. 56 (2023).

This Court reviews agency decisions in bid protests using the standard of review set forth in the Administrative Procedure Act ("APA"). 28 U.S.C. § 1491(b)(4); *Impresa Construzioni Geom. Domenico Garufi v. United States*, 238 F.3d 1324, 1332 (Fed. Cir. 2001). This standard permits a court to set aside an agency's contracting decision if the protestor shows it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A) (2018); *Bannum, Inc. v. United States*, 404 F.3d 1346, 1351 (Fed. Cir. 2005). "As a general rule, in determining whether an agency's actions are arbitrary or irrational, the 'focal point for judicial review . . . should be the administrative record already in existence, not some new record made initially in the reviewing court.'" *Knowledge Connections, Inc. v. United States,* 79 Fed. Cl. 750, 759 (2007) (quoting *Fla. Power & Light Co. v. Lorion,* 470 U.S. 729, 743 (1985)). Thus, "[t]he task of the reviewing court is to apply the appropriate APA standard of review to the agency decision based on the record the agency presents to the reviewing court." *Fla. Power & Light Co.,* 470 U.S. at 743-44. The purpose of limiting review to the record actually before the agency is to guard against courts using new evidence to "convert the 'arbitrary and capricious' standard into effectively *de novo* review." *Murakami v. United States,* 46 Fed. Cl. 731, 735 (2000), *aff'd,* 398 F.3d 1342 (Fed. Cir. 2005).

When the protester questions the contents of the agency-assembled administrative record, it may move to "complete" or "supplement" the administrative record. *Poplar Point RBBR, LLC v. United States*, 145 Fed. Cl. 489, 494 (2019); *see also Linc Gov't Servs., LLC v. United States*, 95 Fed. Cl. 155, 158 (2010). A request to "complete" the agency-assembled record is not the same as a request to "supplement" the agency-assembled record. *See Joint Venture of Comint Sys. Corp. v. United States*, 100 Fed. Cl. 159, 167 (2011). A motion to complete the administrative record seeks to add materials that are relevant to the challenged agency decision and were considered by the agency in reaching its decision or generated during the decision-making process. *BHB Ltd. P'ship v. United States*, 147 Fed. Cl. 226, 229 (2020); *see also Comint Sys.*, 100 Fed. Cl. at 167. By contrast, a motion to supplement the administrative record seeks to add new materials the agency had not considered or generated during the decision-making process. *BHB Ltd.*, 147 Fed. Cl. at 229; *see also Comint Sys.*, 100 Fed. Cl. at 167.

"Ordinarily, the government's designation of an administrative record is entitled to a presumption of completeness." *Poplar Point*, 145 Fed. Cl. at 494. The agency-assembled record, however, "is not always a complete record of documentary materials generated during the procurement and maintained contemporaneously with the occurrence of the salient events or actions associated with the procurement." *Pitney Bowes Gov't Sols., Inc. v. United States*, 93 Fed. Cl. 327, 331 (2010). As such, the presumption of completeness that attaches to the agency-assembled record "can be rebutted with clear evidence" that the agency omitted from the record information that it relied upon in reaching its final decision. *Poplar Point*, 145 Fed. Cl. at 494.

## III.    DISCUSSION

Rotair seeks to complete the administrative record with "the most current specifications marked 'Boeing Proprietary,'" "documents and information relevant to the Government's 'airworthiness' analysis and conclusions," and "documents and information relevant to the Government's qualification and market research efforts." [ECF 50] at 4.[4] Rotair also argues that

---

[4] All page numbers in the parties' briefings refer to the page number generated by the CM/ECF system.

it "should be entitled to question or depose" various individuals who it contends "were centrally involved with the processes and determination that directly relate to the procurement decision to sole source." *Id*. at 10. The Court finds that Rotair has not provided clear evidence showing the DLA omitted documents from the administrative record that it relied upon or considered in reaching its procurement decision or that were generated during its decision-making process. Further, Rotair has not demonstrated that it is entitled to conduct discovery through depositions in this case.

### A.    Request to Complete the Administrative Record with Documentation

The documents Rotair seeks pertaining to the current Boeing specifications, the Army's technical review and airworthiness analysis and determination, and the DLA's market research efforts are properly excluded from the administrative record. The basis of the DLA's decision to procure the arm assembly in a sole source procurement is set forth in the Justification and Approval ("J&A") document. AR 35-38.[5] In the J&A, the DLA states that "[t]he rights to use the data needed to purchase this part from additional source(s) are not owned by the Government and cannot be purchased, developed, or otherwise obtained." AR 36.

With respect to the current Boeing specifications, the J&A does not reference the specifications nor does it contain any evidence that the DLA considered the specifications as part of its sole source decision. *See* AR 35-38. Rotair is correct that the administrative record contains a declaration and a memorandum demonstrating that the Army previously conducted a technical review of specifications marked as Boeing proprietary against older, non-marked specifications and recommended that the Boeing proprietary specifications be used in the interest of "airworthiness." However, the DLA did not consider nor generate the declaration or the memorandum in its decision to proceed with a sole source procurement. Instead, the declaration was created in response to a Government Accountability Office ("GAO") protest filed by Rotair challenging the DLA's sole source decision, and the memorandum (referenced in the declaration) was authored by the Army approximately seven years prior to the instant procurement. Thus, neither the declaration nor the memorandum was considered by the DLA in making its procurement decision. Additionally, neither document was generated during the decision-making process.

Rotair's request to complete the administrative record with documentation related to the Army's technical review and airworthiness analysis and determination fails on similar grounds. Rotair argues that "since the procurement decision not to allow [Rotair] to compete, in reality, boils down to the [Army's] 'airworthiness' analysis and findings, all documentation related to the same must be disclosed in order to properly complete the administrative record." [ECF 50] at 13. However, these broad requests amount to bare assertions that there must be other documents relating to the Army's technical review of the specifications, its "airworthiness" analysis and determination, and the DLA's knowledge and involvement. These assertions do not constitute clear evidence that there are relevant documents missing from the existing record. *See BHB Ltd.*, 147 Fed. Cl. at 230. To the contrary, there is no evidence that the DLA considered, or was otherwise involved in, the Army's technical review of the specifications or the Army's "airworthiness" analysis and determination.

---

[5] The Court cites to the Administrative Record filed by the government at [ECF 18] as "AR ___."

Rotair also argues that a complete administrative record should include any documents relating to "whether market research – a prerequisite to sole sourcing – was done in a lawful manner." [ECF 50] at 16. It points to the DLA's statement in the J&A that "[m]arket [r]esearch as defined in [Federal Acquisition Regulation ("FAR")] 10.001 was conducted based on knowledge of individuals within the requirements community" and asserts that it is entitled to any documents demonstrating "what, if any, market research was done specifically related to the Government's airworthiness needs" and whether the contracting officer reviewed the "airworthiness requirements." *Id*. This request is also insufficient to warrant completion of the record because Rotair fails to provide any evidence showing that there are documents relevant to the DLA's market research omitted from the record.

### B.    Request to Supplement the Administrative Record with Discovery

Rotair further argues that it "should be entitled to question or depose [the Chief of the Army's System Readiness Directorate, Sustainment Division], members of the [Army Aviation Engineering Directorate] who compared the older specifications to the most current specifications, as well as the Contracting Officer and the DLA Competition Advocate who completed, signed and approved the J&A." [ECF 50] at 10. Rotair states that "[e]ach of these people were centrally involved with the processes and determinations that directly relate to the procurement decision to sole source[,]" and therefore it "should be entitled to question or depose these personnel." *Id*.

Discovery is typically not available in bid protest cases, where the Court reviews the agency's decision based on the administrative record using the APA standard of review. *Naval Sys., Inc. v. United States*, 153 Fed. Cl. 166, 184 (2021). A request to introduce new evidence generated through discovery into the administrative record is properly treated as a motion to supplement the administrative record. *See BHB Ltd.*, 147 Fed. Cl. at 229-31. Therefore, the Court applies the standard for supplementation of the record to Rotair's request. A request to supplement the administrative record with new evidence will not be granted "unless the court's review of the agency's procurement decision, under the [APA], would not be effective without it." *Id*. at 230 (citing *Axiom Res. Mgmt., Inc. v. United States*, 564 F.3d 1374, 1380 (Fed. Cir. 2009)).

Here, the Court finds that the requested depositions are not necessary for effective judicial review of the DLA's sole source decision. The basis of the DLA's decision to use a sole source procurement—that the government does not possess the necessary rights in the technical data—is set forth in the J&A. *See* AR 35-38; *see also Price Gordon Servs. v. United States*, 139 Fed. Cl. 27, 50 (2018) ("In particular, depositions may be necessary when the administrative record does not include a basis for the contracting officer's decision.") (citing *Impresa*, 238 F.3d at 1339). Further, Rotair has not alleged any bias or bad faith on the part of the DLA or the Army such that supplementation of the record through discovery is warranted. *See id.* ("Supplementation might also be necessary. . . when the administrative record is missing relevant information that by its very nature would not be found in an agency record—such as evidence of bad faith[.]") (internal quotations omitted). Therefore, Rotair's request to supplement the existing administrative record with depositions must be denied.

**IV.     CONCLUSION**

Accordingly, Rotair's motion to complete the administrative record [ECF 50] is **DENIED**.[6]

**IT IS SO ORDERED.**

s/ Thompson M. Dietz
THOMPSON M. DIETZ, Judge

---

[6] In its motion, Rotair also requests that the Court "direct the Government to comply with its statutory obligations, to contact Plaintiff directly, and to assist with its qualification" as an approved source of the arm assembly. [ECF 50] at 15. The Court does not address this request because it is a request for injunctive relief, and Rotair entirely fails to demonstrate that it is entitled to such relief. *See PGBA, LLC v. United States,* 389 F.3d 1219, 1229 (Fed. Cir. 2004) (outlining the four factors to be considered by courts in deciding a request for injunctive relief).